ANDREW D. AND MAURINE M. JACKSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson v. Commissioner
Docket Nos. 5397-84, 36466-84.
United States Tax Court
T.C. Memo 1988-143; 1988 Tax Ct. Memo LEXIS 171; 55 T.C.M. (CCH) 537; T.C.M. (RIA) 88143; April 6, 1988. *171 Held, Ps' Universal Life Church-related payments disallowed as charitable contributions. Held further, various additions to tax determined; damages awarded to the United States under I.R.C. section 6673. Peter R. Stromer, for the petitioners. Erik P. Doerring, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: In his deficiency notices, respondent determined the following deficiencies: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)[1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1980
$ 5,770
$ --
$ 289
$ --
1981
5,038
756
252
50% of interest
due on $ 5,038
1982
6,105
--
305
50% of interest
due on $ 6,105
Additions to Tax
Year
Deficiency
Sec. 6661(a)
1980
$ 5,770
$ --
1981
5,038
--
1982
6,105
610
*173 By Motion for Leave to File Amendment to Answer filed January 30, 1987, and granted by the Court on the same day, respondent amended his answer to assert an increased addition to tax under section 6661 in the amount of 25 percent of the income tax deficiency determined for 1982. By order dated November 10, 1987, the parties were directed to file simultaneous briefs on or before January 8, 1988, as to whether the addition to tax under section 6661(a) is applicable in this case, and if so, in what amount. Such briefs having been filed, the case is now ripe for decision. Respondent also requested damages under section 6673. The issues for decision are (1) whether petitioners are entitled to deductions for purported charitable contributions to the Universal Life Church, Inc., Modesto, California, or Universal Life Church, Inc., Congregation Number 21572; (2) whether petitioners are liable for the additions to tax for the years in issue; (3) whether respondent is barred *174 from determining deficiencies in income tax and additions to tax for the years in question by reason of the issuance of a "no-change" letter to petitioners in connection with an IRS request for verification of claimed charitable deductions on their 1977 return; and (4) whether damages should be awarded under section 6673. Findings of Fact
Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Santa Ana, California, at the time they filed their petitions in this case. During the years at issue, Andrew D. Jackson (petitioner) was employed on a full-time basis as a member of the technical staff at Rockwell International Corporation. He is a physicist-engineer and holds a bachelor's degree from the University of Southern California and a master's degree from the University of California. He has secret level clearance, plus several special access clearances which give him access to several categories of classified material. Petitioner learned about the Universal Life Church in 1976 through newspaper articles about "Reverend Hensley." Petitioner became a member of the Universal *175 Life Church (ULC) in Decmeber of that year. Petitioner has had no theological training. He applied for membership and obtained his minister credentials from the ULC through the mail in 1976. During 1977 petitioner wrote checks in varying amounts to "Universal Life Church" totaling $ 9,996.48. He also wrote checks totaling $ 353.05 to various charities, including $ 198.05 to St. Paul's Episcopal Church. In response to an IRS mail request that they verify their 1977 claimed charitable contribution deductions, petitioners submitted these checks. Petitioners were subsequently notified by the IRS that their 1977 return was accepted with no change. The Universal Life Church, Inc., Congregation Number 31572 passed so-called "pastor's housing or rental allowance" resolutions in 1979, 1980 and 1981. The record contains no resolution for 1982. The 1979, 1980 and 1981 resolutions purport to authorize housing allowances to petitioners in the respective amounts of $ 15,000, $ 20,000 and $ 23,000. The signatories on these documents are Bernice Jackson, petitioner's mother, and William A. Jackson, petitioner's father. Petitioners maintained a personal bank account at Security Pacific *176 National Bank at Anaheim, California. Checks were drawn on this account and deposited into an account in the name of The Universal Life Church, Incorporated at the same bank. Petitioner then drew checks on the latter account to pay miscellaneous expenses which he claims fall within the above-mentioned allowances but where were in fact simply personal, living and family expenses. The resolution creating the Universal Life Church, Inc. account was signed by Lida G. Hensley, whom petitioner believed to be the wife of the founder of the ULC, and one Robert E. Imbeau. Neither of these persons are related to petitioner. Petitioner, as "pastor," his mother, as secretary, and his father, as treasurer, were each given signatory power over the account, each being authorized to draw on the account separately. Petitioner understood that the taxpayer identification number on the bank resolution was that of the parent ULC to whom a favorable tax exemption ruling had at one time been given. During the years in question, petitioners were claiming almost 50 percent of their adjusted gross income as cash contributions to the ULC. For the years at issue, petitioners' adjusted gross income and *177 claimed ULC contributions were as follows: Year
Adjusted Gross Income
Claimed ULC Contributions
1980
$ 45,443.91
$ 21,843.00
1981
45,246.40
21,832.00
1982
48,247.79
23,847.00
Except for $ 4,275.65 earned by petitioner Maurine M. Jackson in 1980, petitioner's Rockwell International salary represented all of petitioners' income for the years in question. Petitioner relied upon (1) the publicity given by the ULC to a Federal judge's ruling which, petitioner believed, ordered the IRS to grant the ULC tax-exempt status "retoractive back through the '60s" and (2) the IRS 1977 no change letter, to justify his claimed charitable deductions to the ULC. Petitioners were, however, advised in writing by IRS attorneys on June 15, 1984, January 27, 1986 and March 4, 1986, of the many decisions of this Court holding that purported contributions to the Universal Life Church, Inc. of Modesto, California, and to local congregations of the ULC do not qualify for deductions and that respondent would take the position under section 6673 that petitioners' position taken in their petitions is frivolous and groundless and that this case was filed and *178 is being maintained primarily for purposes of delay. Petitioner read Tax Court cases holding adversely to the deductibility of ULC contributions before petitioners filed their 1980 and 1981 petitions. OPINION This case presents the familiar ULC pattern wherein the ULC Modesto, Inc., gives a taxpayer a charter to set up a local congregation and permits the creation of a bank account giving the taxpayer and his relatives sole signatory power over the bank account, and thereafter the taxpayer deposits checks -- here, his paychecks -- into the account and proceeds to withdraw or causes to be withdrawn monies for the personal, living and family expenses of himself and his family under the pretext of "pastor's housing or rental allowance." Petitioner testified, with the aid of much unabashed coaching from his attorney, that he had held services, rendered counseling services on an individual basis, performed five baptisms and would "bless things." Particularly since much of this testimony was in response to flagrantly leading questions, we do not believe petitioner's testimony. Payments by petitioners into the ULC account are not allowable as charitable contribution deductions for *179 the reasons stated in Burwell v. Commissioner,89 T.C. 580 (1987) (Court reviewed). Petitioners also rely upon the "no change" letter which they received from the IRS with regard to their 1977 return, as well as information disseminated by the ULC, as mitigating reasons for avoiding the additions to tax for late filing and negligence for 1981 (sections 6651(a)(1), 6653(a)(1) and 6653(a)(2)), and negligence and substantial understating of liability under sections 6653(a)(1), 6653(a)(1) and 6661(a) for 1982. Petitioners' reasons are unacceptable. As to the 1977 no change letter, respondent is not estopped from determining deficiencies for 1980, 1981 and 1982 based upon ULC-related contributions, even though he failed to make such a determination with respect to 1977. Fidelity Commercial Co. v. Commissioner,55 T.C. 483 (1970), affd. by unpublished order (4th Cir. 1971, 28 AFTR2d 7-5751, 71-2 USTC par. 9667); Rose v. Commissioner,55 T.C. 28 (1970). In the area of Federal income taxation, each annual period creates a new tax liability and a new cause of action. Commissioner v. Sunnen,333 U.S. 591, 598 (1948); *180 see Lark Sales Co. v. Commissioner,T.C. Memo. 1976-291. Furthermore, neither the doctrine of collateral estoppel or the doctrine of res judicata, upon one or both of which petitioners implicitly rely, are applicable in this case. Determinations by the Commissioner are not judicial in nature, but rather are administrative determinations, and are not res judicata to bind him for subsequent years, or for that matter, the same taxable year. Howard v. United States,497 F.2d 1270, 1272 (7th Cir. 1974) (quoting with approval Moore, Federal Practice par. 0.422[2] at 3403 (2d ed. 1974)). For the same reason, as the Seventh Circuit held in Howard, collateral estoppel is inapplicable. See also Holland v. Commissioner,T.C. Memo. 1983-716 (Commissioner not barred by doctrine of estoppel from making a determination against taxpayer regarding issues not pursued in prior year's audit). Petitioner's assertion that he relied upon ULC Modesto's tax exempt status to justify petitioner's deductions is without merit. Regardless of the exempt status of ULC Modesto, which is not at issue here, the payments upon which petitioners rely for deductions *181 were merely used to defray their personal, living, or family expenses, not remotely connected with any church-type activity. [2] Section 262; Burwell, supra at 591. Petitioners have the burden of proof as to additions to tax under sections 6653(a)(1), 6653(a)(2) and 6661(a). Rule 142(a). As outline above, petitioners have failed to sustain this burden. As stated, respondent amended his answer to assert an increased addition to tax under section 6661(a) in the amount of 25 percent of the income tax deficiency determined for 1982. Petitioners argue that "I.R.C. sec. 6661(a), prior to its most recent amendment, was unconstitutionally void for vagueness and uncertainty." They also assert that section 6661(a) in its present form was improperly adopted. [3] Petitioners do not, however, enlighten us as to their reasons for these assertions. Furthermore, they admit that what they refer to as the *182 "void for vagueness" rule has historically been applied only to establish criteria for a test of certainty under criminal statutes. Section 6661(a) provides a civil sanction. Connally v. General Const. Co.,269 U.S. 385 (1926), the only case cited by petitioners, involved an Oklahoma penal statute under which there could be imposed a fine of not more than fifty nor more than five hundred dollars or imprisonment for not less than three nor more than six months. The Supreme Court declared the statute (the provisions of which are not germane here) to be unconstitutional on the basis that the words of the statute fixed *183 no ascertainable standard of guilt, in that they forbode no specific or definite act. Thus, the case does not support petitioners' position that the void for vagueness rule should be extended to civil cases. In Pallottini v. Commissioner, 90 T.C. (1988), we held that the rate of the addition to tax provided by section 6661 is 25 percent on additions assessed after October 21, 1986. since the addition in this case will be assessed after such date, we hold for respondent on this issue. Respondent has requested damages under section 6673. Petitioners had read Tax Court cases holding adversely to the deductibility of ULC "contributions" before petitioners filed their 1980 and 1981 petitions on which they claimed similar deductions, and were repeatedly warned in writing by IRS attorneys that section 6673 damages would be sought. Section 6673 provides that this Court shall award damages to the United States not in excess of $ 5,000 where it appears to the Court that the proceedings before it have been instituted or maintained primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. Burwell v. Commissioner,89 T.C. at 597. *184 We hold that petitioners' position on the ULC issue was frivolous and groundless, and accordingly award damages to the United States in the amount of $ 2,500 in docket number 5397-84 and $ 2,500 in docket number 36466-84. Decisions will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. We note that the Internal Revenue Service revoked the tax exempt status of ULC Modesto on September 4, 1984. Announcement 84-90, 1984-36 I.R.B. 32 (1984). See Universal Life Church, Inc. v. United States,↩ 13 C.Ct. 567 (1987) (upholding revocation). 3. Section 6661(a) was amended by section 1504(a) of Pub. L. 99-514, 100 Stat. 2743, to increase the addition to tax from 10 percent to 20 percent of the underpayment in a case of substantial understatement of income tax applicable to returns, to due date for which (determined without regard to extensions) is after December 31, 1986. Section 6661(a)↩ was also amended by section 8002(a), Pub. L. 99-509, 100 Stat. 1951, to increase the addition to tax to 25 percent of the underpayment, applicable to additions to tax assessed after October 21, 1986.